UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE No. 22-61619-CIV-DIMITROULEAS/HUNT

IVAN FEDERICO DOMINGUEZ,

        Plaintiff,

v.

METRO PREVENTIVE PLUMBING
MAINTENANCE INC.,
MICHAEL A CIOFFOLETTI,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Motion for Attorneys' Fees and Costs.  ECF No. 45.  The Honorable William P. Dimitrouleas referred Plaintiff's Motions to the undersigned for a report and recommendation.  ECF No. 46; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of Plaintiff's Motion, the case file, and applicable law, the undersigned respectfully RECOMMENDS that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART as set forth below.

## BACKGROUND

Plaintiff filed this action on August 30, 2022, seeking compensation for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). ECF No. 1.  On April 19, 2024, the Court entered an Order granting Plaintiff's Motion for Default Judgment and entering a default judgment in favor of Plaintiff.  ECF Nos. 43, 44.  Plaintiff now files his Motion seeking attorney's fees and costs.

**ANALYSIS**

<u>FEES</u>

As an initial matter, it is undisputed that Plaintiff is entitled to reasonable attorney's fees and costs.  It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008).  In the instant case, per the default judgment Plaintiff is the prevailing party under the FLSA statute and is entitled to recover reasonable attorney's fees. The FLSA provides for recovery of a plaintiff's reasonable attorney's fees and costs.  29 U.S.C. § 216(b).  This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08–61592–CIV–DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010). The movant bears the burden of proving the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299.  In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the

question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[1] *Id.*

Plaintiff's counsel seeks a fee award of $25,240 for sixty-three hours of work at a rate of $400 per hour. This Court must consider twelve factors when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the

---

[1] The undersigned concludes that a hearing is not necessary. A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes. *Norman*, 836 F.2d at 1303–04. Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise. Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

burden of establishing the claimed market rate.  The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

"In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Drayton v. Avia Premier Care, LLC.*, No. 8:18-CV-2125-T-35SPF, 2019 WL 2450933, at *3 (M.D. Fla. May 2, 2019*), report and recommendation adopted*, No. 8:18-CV-2125-T-35SPF, 2019 WL 2492098 (M.D. Fla. June 14, 2019) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *Norman,* 836 F.2d at 1301).

The Court finds counsel's requested hourly rate to be in line with other recent awards in this District.  However, a recent review of similar cases filed in the Middle District of Florida showed that the number of hours normally expended in an FLSA default case falls in the range of six to twenty hours of legal work.  *Drayton v. Avia Premier Care, LLC.*, No. 8:18-CV-2125-T-35SPF, 2019 WL 2450933, at *3 (M.D. Fla. May 2, 2019), *report and recommendation adopted*, No. 8:18-CV-2125-T-35SPF, 2019 WL 2492098 (M.D. Fla. June 14, 2019) (collecting cases).  The undersigned agrees that this range aligns with such cases in this District.  As such, the number of hours requested by Plaintiff's attorney appears to be somewhat higher than usual.

Examining the docket in this case, it does appear that the Parties engaged in significant litigation activities.  Following the November 1, 2022 scheduling order, for instance, the Parties attended an unsuccessful mediation on January 19, 2023.  Indeed, it appears that this case was abandoned by Defendants on the eve of trial.

Nonetheless, some filings, such as Plaintiff's duplicative Motion for Enlargement of Time, as well as a stricken unilateral pretrial stipulation that failed to comport with the

Court's procedures, were unnecessary.  *See* ECF No 15, 18.  The undersigned also notes Plaintiff is requesting to be compensated for time spent ensuring certain filings, such as the pretrial stipulation, corrected deficiencies pointed out by the Court. ECF No. 24-1. Attorneys should not bill for time spent to address inaccuracies.  *See Brown v. Lawn Enf't Agency, Inc.*, 369 F. Supp. 3d 1224, 1227 (N.D. Fla. 2019).  The undersigned also notes what appears to be an excessive amount of time spent reviewing orders, and observes that an attorney should not be awarded those hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel."  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted).

"If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001).  Courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

Considering the record, it is clear that Plaintiff's counsel did put more work into the case than an average default judgment.  However, given the issues outlined above, as well as the average hours spent on a default judgment, the undersigned finds it appropriate to impose an across-the-board cut of ten percent.  Plaintiff's counsel should, therefore, be compensated for only 56.8 hours of work on this case. The undersigned

finds no reason to depart from the lodestar calculation; therefore, Plaintiff should be awarded $22,720 ($400 x 56.8 hours) for the work on this case.[2]

<u>COSTS</u>

Plaintiff's counsel also seeks to recover $1,446.12 in litigation costs, which results from the initial $405.00 filing fee, $138.00 for service of process, and $903.12 for mediation.  The costs of service and filing fees are routine expenses in litigation, which the undersigned finds are compensable.  *See* 28 U.S.C. § 1920 (enumerating costs that court may tax).  An exception arises when a Plaintiff uses a private process server.  *See EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service.  *See id.*  28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."  It appears that the amount requested is slightly higher for the two items served than it would be for service by a U.S. Marshal, and therefore only $130 of that cost is recoverable.  Mediation fees are not recoverable under § 1920, and thus should not be awarded.  *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) ("requests for mediation expenses, meals, courier/postage, Lexis-Nexis research, air fare, and

---

[2]     Plaintiff also prospectively requests reasonable fees and costs associated with the collection of the underlying FLSA judgment and fees.  The undersigned notes that other judges in this district have previously found such a request reasonable.  *Aguilera v. JM Cell LLC*, No. 21-62398-CIV-ALTONAGA/STRAUSS, 2022 WL 19228649, at *6 (S.D. Fla. Aug. 31, 2022) (collecting cases).  Plaintiff's request should therefore be granted.

lodging are not included under § 1920").   Plaintiff should therefore be awarded costs of $535.00.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Costs, ECF No. 41, be GRANTED to the extent that Plaintiff should be awarded attorneys' fees in the amount of $22,720, and costs in the amount of $535.00, for a total award of $23,255, which shall bear interest at the rate prescribed by 28 U.S.C. § 1961.   Plaintiff should also be awarded reasonable fees and costs associated with the collection of the underlying FLSA judgment and fees should collection action become necessary.  The Motion should be otherwise DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 25th day of October 2024.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record